**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

                                      )
CHRISTOPHER JESSEN, Father and next   )
friend of MARIAH JESSEN, a minor,     )
                                      )
            Plaintiff,                )
                                      )
            v.                        )    Civil No. 2008-89
                                      )
ANDREW PARKER WEIN, ALEXANDER NABIH   )
KANAWATI, JAVIER MIGUEL               )
WESTERHAUSEN,                         )
                                      )
            Defendants.               )
                                      )
```

**ATTORNEYS:**

**James B.F. Oliphant, Esq.**
New York, N.Y.
    *For the plaintiff.*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Andrew Parker Wein.*

**Pamela L. Colon, Esq.**
St. Croix, U.S.V.I.
    *For defendant Alexander Nabih Kanawati.*

**Javier Miguel Westerhausen**
    *Pro se defendant.*


<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of defendant Andrew Parker Wein ("Wein") to quash service of the summons and complaint in this matter.

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

The minor plaintiff in this matter, Mariah Jessen ("Jessen"), was aboard a cruise ship in the Caribbean in March, 2008, when she was allegedly forced into a cabin and sexually assaulted by Wein and his co-defendants, Alexander Nabih Kanawati and Javier Miguel Westerhausen. Jessen, through her father, Christopher Jessen, subsequently initiated this four-count action, alleging (1) intentional infliction of emotional distress; (2) civil conspiracy to intentionally inflict emotional distress; (3) assault and battery; and (4) civil conspiracy to commit assault and battery.

Wein now makes a limited appearance to have service of the summons and complaint on him quashed.[1] Jessen has filed an opposition.

## II. DISCUSSION

Wein asserts that he was detained as a defendant in this jurisdiction in March, 2008 in connection with a criminal matter arising out of the same events alleged in Jessen's complaint. Wein further asserts that he was subsequently dismissed as a defendant in the criminal matter but nevertheless detained as a

---

[1] Wein also "seeks damages for double his expenses to date in conjunction with the instant Motion for Plaintiff's failure to effect due diligence in advance of the defective service." (Def. Wein's Mot. to Quash Service of Summons and Compl. 4) (italics omitted).

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 3

material witness in that matter. According to Wein, he was required by Court order to appear in the St. Thomas/St. John Division of this Court on June 13, 2008 in connection with the criminal matter.[2] During his appearance, Wein was allegedly served with process in the above-captioned matter. Wein now argues that federal common law and Virgin Islands statutory law prohibit service of process under those circumstances. In essence, Wein contends that he was immune from service of process during his June 13, 2008, court appearance.

In *Stewart v. Ramsay*, 242 U.S. 128 (1916), the Supreme Court affirmed the trial court's decision to quash service of process where the defendant, a Colorado resident, was served with process while in district court in Illinois as a witness in another a case. 242 U.S. at 128. The Court reasoned, in pertinent part, that "suitors, as well as witnesses, coming from another State or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." *Id.* at 129.

*Stewart* was followed several years later by another seminal immunity case, *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932). In

---

[2] Wein provides no detail about his detention as a material witness or appearance on June 13, 2008. Instead, Wein asks the Court "to judicially note that criminal docket of proceedings and its personal familiarity with it." (Def. Wein's Mot. to Quash Service of Summons and Compl. 2.)

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 4

*Lamb*, the Supreme Court held that a party's non-resident attorney was not immune from service while representing his client in court. 285 U.S. at 226. The non-resident attorney was denied immunity because service was necessary to recover funds alleged to have been fraudulently paid to him as attorneys' fees by the defendant in an effort to defeat the rights secured to the plaintiff in the first action. *Id.*

The *Lamb* Court articulated the now well-established process immunity rule that "witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another." *Id.* at 225. The Court noted that the rule is "founded, not upon the convenience of the individuals, but of the court." *Id.*

The process immunity rule is grounded in a desire to avoid discouraging the voluntary attendance of parties, witnesses, and attorneys in court proceedings. *See Lamb*, 285 U.S. at 225; *Stewart*, 242 U.S. at 130; 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1076. Some courts have held that "[t]his purpose is not promoted when attendance is involuntary." *See, e.g.*, *St. Paul Surplus Lines Ins. Co. v. Davis*, No. 91-2213, 1993 U.S. App. LEXIS 234, at *9-10 (4th Cir. Jan. 8, 1993). Other courts have found that "immunity from service is granted to witnesses whose appearance is compelled as

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 5

well as to those who appear voluntarily." *See*, *e.g.*, *McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1179 (2d Cir. 1972) (citations omitted).[3]

Given this backdrop, this Court finds that immunity should be withheld where an individual's court appearance is involuntary because service on such an individual is unlikely to hamper the administration of justice. *See Lamb*, 285 U.S. at 226; *see also* Wright & Miller, supra, § 1081 ("Logically it seems that the purpose of granting immunity -- promoting the convenience of the court -- is not furthered when a person's appearance is not voluntary.").[4]

---

[3] In *McDonnell*, the Second Circuit acknowledged that the "extension of the federal immunity rule [to compelled appearances] has been criticized." *Id.* at 1179. However, the court declined "to undertake a re-examination of the question." *Id.*

[4] The Court's conclusion in this vein is supported by decisions from other circuits. In *Government of Dominican Republic v. Roach*, 280 F.2d 59 (D.C. Cir. 1960), *cert denied*, 364 U.S. 878 (1960), for instance, the district court quashed service of civil process on a defendant in the District of Columbia who had voluntarily traveled from California to the District for the sole purpose of appearing for arraignment on an indictment against him. The defendant was served just before entering the courtroom for his arraignment. The District of Columbia Circuit affirmed, reasoning that

> if a party . . . is subject to service of process while in attendance upon the trial of a criminal action, or while en route to and from the criminal court, the result would be to prevent, or through fear of service of process discourage, *voluntary appearance* and attendance of one whose presence is necessary to

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 6

    Here, Wein was detained in the Virgin Islands because of a criminal prosecution and was in Court on June 13, 2008 pursuant to court order. In other words, Wein's appearance on that day was involuntary. Accordingly, the Court does not find that granting Wein immunity from process would further judicial administration because Wein would have attended court that day in any event. *See*, *e.g.*, *Greene v. Weatherington*, 301 F.2d 565, 568 (D.C. Cir. 1962) (denying immunity where "it can hardly be said appellee had come into this jurisdiction voluntarily when he was served. He was here in response to his obligation under a bond in a criminal proceeding growing out of alleged offenses committed in this jurisdiction. Thus the principal reason for the immunity, namely, to encourage voluntary cooperation with judicial administration, is absent"); *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, Civ. No. 90-2531, 1991 U.S. Dist. LEXIS 10845, at *8-9 (E.D. Pa. July 31, 1991) (denying immunity where, *inter alia*, the defendant's "attendance at the deposition [where he was served] *had to be compelled by court order* . . . .") (emphasis supplied); *Employers Mut. Liability Ins. Co. v. Hitchcock*, 158 F. Supp. 783, 785 (E.D. Mo. 1958) ("What effect

---

judicial administration in the criminal action.
*Roach*, 280 F.2d at 61 (emphasis supplied). For obvious reasons, there can be no such fear in the case of compelled attendance.

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 7

could the civil suit have upon the criminal proceedings in which the defendant was compelled to appear?  The answer is, absolutely nothing.").

Moreover, immunity is unavailable where "the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it." *Lamb*, 285 U.S. at 228; *see also* 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1080 at 511 ("There is generally no immunity from service of process when the suit in which immunity is sought is part of, or a continuation of, the suit for which the person claiming immunity is in the jurisdiction.").[5]

In *Greene v. Weatherington*, the petitioner was a resident of

---

[5] The First Circuit has elucidated this exception:

> The rationale for the differing-lawsuit prerequisite to process immunity in this context is relatively straightforward: while a court can, in cases before it, choose to protect the jurisdictional status of a party or witness who is reluctant to come to the forum state by issuing protective orders or subpoenas, it cannot wield such power in other cases.  The process-immunity exception therefore fills the gap only where it needs to be filled - that is, in cases where a district court wishes to shield an individual from service of process to encourage his or her travel to the forum state, but would be unable to do so absent the power to grant immunity.

*N. Light Tech., Inc. v. N. Lights Club*, 236 F.3d 57, 63 (1st Cir. 2001), *cert. denied*, 533 U.S. 911 (2001).

Maryland who was charged with assault in Washington, D.C., where he was employed. 301 F.2d at 566. While in criminal custody in the courthouse jail in the District of Columbia in connection with the assault charge, the petitioner was served with a civil summons and complaint seeking damages arising out of the same assault for which the petitioner was on trial. *Id.* The district court granted the petitioner's motion and quashed service. *Id.* On appeal, the District of Columbia Circuit reversed the district court's ruling. The court reasoned that the petitioner was not immune from service, in part because of the factual connection between the criminal prosecution and the civil complaint for damages. *See id.* at 567-68.

    Here, as in *Greene*, the facts of the criminal matter in which Wein was named first as a defendant and subsequently as a material witness, are identical to those in the civil matter in which he was served. Both of these matters arise out of the same set of facts and circumstances and both are before this Court. *See, e.g., ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1460 (10th Cir. 1995) (denying immunity from process where a party was served in a second lawsuit while attending a deposition in the first lawsuit alleging similar facts); *In re Fish & Neave*, 519 F.2d 116, 118 (8th Cir. 1975) (similar); *Walker v. Calada Materials Co.*, 309 F.2d 74, 76-77 (10th Cir. 1962) (finding

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 9

service valid where "[t]he two case[s] involved here arise out of and pertain to the same subject matter"); *Fur Baron, Inc. v. Smith Fine Furs, Ltd.*, Civ. No. 92-4726, 1993 U.S. Dist. LEXIS 7379, at *4 (N.D. Ill. June 1, 1993) ("Because both of the actions at issue here arise out of the same set of facts and circumstances, and both are to be heard by this Court, we find that the counterdefendants are not immune from service of process.").

In reaching its conclusion, the Court acknowledges the absence of case law bearing directly on the admittedly curious factual scenario presented in this matter. However, given the Supreme Court's oft-cited directive that "[t]he [process-immunity] privilege should not be enlarged beyond the reason upon which it is founded, and . . . should be extended or withheld only as judicial necessities require," *Lamb*, 285 U.S. at 225, the Court is satisfied that Wein, despite having been dismissed as a defendant in the criminal matter before being served in this substantially related civil action, is not entitled to immunity under *Stewart*, *Lamb* and their progeny. *See, e.g.*, *N. Light Tech., Inc. v. N. Lights Club*, 236 F.3d 57, 63 (1st Cir. 2001), *cert. denied*, 533 U.S. 911 (2001); (noting that "process immunity should be meted out sparingly"); *United States v. Hefti*, 879 F.2d 311, 315 (8th Cir. 1989) ("Of course there

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 10

really does not exist any unconditional privilege that a person in court for one case cannot be subjected to execution of judicial process in another case."), *cert. denied*, 493 U.S. 1076 (1990); *United States Nat'l Bank v. Great Republic Life Ins. Co.*, 54 F.R.D. 498, 498 (D. Or. 1971) ("Immunity was created to expedite the work of the court, not as a windfall for litigants.").

In addition to his reliance on *Stewart*, Wein seeks support for his position in various provisions of Virgin Islands law.[6]

---

[6] Specifically, Wein argues that Title 5, Sections 3864 and 655 of the Virgin Islands Code require a finding that Wein is immune from process. Section 3864 provides, in relevant part:

> If a person comes into the Virgin Islands in obedience to a summons directing him to attend and testify in the Virgin Islands he shall not while in the Virgin Islands pursuant to such summons be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into the Virgin Islands under the summons.

V.I. CODE ANN. tit. 5, § 3864.  Section 655 provides:

> (a) Every person who has been, in good faith, served with a subpoena to attend as witness before a court, judge, commissioner, referee, or other officer, is exonerated from arrest or service of summons in a civil case while going to the place of attendance, necessarily remaining there, and returning therefrom.
>
> (b) The arrest of or service of a summons upon a witness contrary to this section is void, and when wilfully made is a contempt of court; and the officer making it is responsible to the witness arrested or served for double the amount of damages which may be assessed against him therefor, and is also liable to an

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 11

The vast weight of authority, however, suggests that "[t]he question of immunity from service of process . . . is viewed as a procedural question controlled by federal precedent rather than by state law." 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1076, at 500 (1987); *see also ARW Exploration Corp.*, 45 F.3d at 1460 ("Immunity from service is a procedural, not a substantive, rule; therefore, . . . the substantive law of the forum state[] has no application.") (citations omitted); *Marlowe v. Baird*, 301 F.2d 169, 169 (6th Cir. 1962) (finding that the right to grant immunity "does not stem from local law, but is inherent in the powers of the federal court"); *Ivy v. Kilgore*, Civ. No. 97-0128, 1998 U.S. Dist. LEXIS 19929, at *3-4 (S.D.N.Y. Dec. 22, 1998) (applying federal precedents and not state law in deciding immunity questions); *Fun-Damental Too v. Hwung-Hsiang Hwung*, Civ. No. 97-0866, 1997 U.S. Dist. LEXIS 7520, at *5 n.1 (S.D.N.Y. May 30, 1997) (Mukasey, J.) (similar); *American Centennial Ins. Co. v. Handal*, 901 F. Supp. 892, 897 n.13 (D.N.J. 1995) ("[F]ederal -- not state

---

>action at the suit of the party serving the witness with the subpoena for the damages sustained by him in consequence of the arrest or service.

*Id.* § 655.

For the reasons discussed above, Wein's reliance on those provisions is misplaced.

*Jessen v. Wein, et al.*
Civil No. 2008-89
Memorandum Opinion
Page 12

-- law governs the immunity determination.") (citations omitted), *aff'd*, No. 96-5735, 1997 U.S. App. LEXIS 33390 (3d Cir. Oct. 14, 1997); *Pointer v. Ghavam*, 107 F.R.D. 262, 264 (E.D. Ark. 1985) ("A majority of the federal courts which have decided the issue have found that immunity from service is a procedural question to be resolved by federal law."); *Viking Penguin, Inc. v. Janklow*, 98 F.R.D. 763, 764 n.1 (S.D.N.Y. 1983) ("A strong policy reason exists for applying federal law where the claim of immunity relates to attendance . . . in a federal proceeding."); *Spelbrink v. Jacobs*, 79 F.R.D. 531, 533 (D. Conn. 1977) ("The federal courts have consistently held . . . that the issue of immunity from service of process is governed by federal practice in the federal courts and not controlled by state law . . . .") (internal quotation marks and citations omitted).

### III. CONCLUSION

For the reasons stated above, the motion to quash will be denied.  An appropriate order follows.

S\_____
**Curtis V. Gómez
Chief Judge**